IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMUEL POSTER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV534 |
| | ) | |
| v. | ) | |
| | ) | |
| MARRIOTT INTERNATIONAL, INC., | ) | MEMORANDUM AND ORDER |
| a foreign corporation, d/b/a | ) | |
| MARRIOTT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant's motion in limine (Filing No. 53), filed on October 10, 2005, seeking to bar admission and consideration of an affidavit from Dr. Dennis DeRoin ("DeRoin"), a speech and language evaluation by Kathy Miklas ("Miklas"), a psychological report by A. James Fix ("Fix") and several other proposed trial exhibits.  The defendant alleges that, under Federal Rule of Civil Procedure 26, the DeRoin affidavit should be rejected while the reports by Miklas and Fix should be rejected under Federal Rule of Civil Procedure 37 (Filing No. 53).  The Court has reviewed the motion, briefs, evidentiary submissions, and the applicable law and finds that defendant's motion should be granted in part.

Deroin Affidavit

Marriott challenges the affidavit of DeRoin on the grounds that it is expert testimony from a witness for whom no expert witness report was made by August 1, 2005, in accord with

the amended final progression order (Filing No. 14) dated June 10, 2005.  DeRoin was listed on Poster's proposed witness list as an expert witness, but Poster never submitted an expert witness report for DeRoin in accord with the final progression order.

Poster contends that DeRoin is Poster's treating physician.  As such, Poster's attorney asserts that he legitimately elected to not submit an expert witness report for DeRoin because DeRoin was "not retained or specially employed" to provide expert testimony in this case.

The starting point for determining whether a treating physician is subject to Rule 26(a)(2)(B) disclosures is the first sentence of the Rule itself, which requires the detailed, written disclosures "with respect to a witness who is retained or specially employed to provide expert testimony."  Fed. R. Civ. P. 26(a)(2)(B).  Courts distinguish between "hired guns" who examine a patient or a patient's records for purposes of litigation, and treating physicians whose opinion testimony "is based upon their personal knowledge of the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial."  *Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 349 (D. Colo. 1995); *accord  Sprague v. Liberty Mutual Ins. Co.*, 177 F.R.D. 78 (D.N.H. 1998).  The scope of a treating physician's proposed testimony is a key factor in determining if a treating physician is subject to Rule

-2-

26(a)(2)(B) disclosures.  *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995).  To the extent a treating physician "limits his or her testimony to the patient's care and treatment, the physician is not 'specially retained' despite the fact that the witness may offer opinion testimony under Fed. R. Evid. 702, 703, and 705."  *Starling v. Union Pacific R.R. Co.*, 203 F.R.D. 468, 477 (D. Kan. 2001) (*citing Wreath*, 161 F.R.D. at 450); *see Soll v. Provident Life & Acc. Ins. Co.*, 2002 U.S. Dist. LEXIS 12568, 2002 WL 1461891 at *5 (E.D. La. July 5, 2002).  Thus, "a treating physician may testify about that which is related to and learned through actual treatment of the [patient], and which is based on his or her 'personal knowledge of the examination, diagnosis and treatment.'"  *Starling,* 203 F.R.D. at 477 (*quoting Mangla v. Univ. of Rochester,* 168 F.R.D. 137, 139 (W.D.N.Y. 1996)); *accord Goeken v. Wal-Mart Stores, Inc.*, 2001 WL 1159751 (D. Kan. Aug. 16, 2001) (*citing Wreath*).

A trial court has the discretion to limit or prohibit a treating physician's opinion testimony that goes beyond information obtained during the physician's care and treatment of the patient.  *Soll*, 2002 U.S. Dist. LEXIS 12568 at *14.  For example, if a treating physician is asked to review medical records from another health care provider for the purpose of rendering opinion testimony, then the physician may be considered "specially retained," and therefore subject to the requirements

-3-

of Rule 26(a)(2)(B), despite having also treated the patient. *Brown v. Best Foods, Inc.*, 169 F.R.D. 385, 389 (N.D. Ala. 1996)(*citing Wreath*, 161 F.R.D. at 450).

In the present case, DeRoin's affidavit is based on more than just the information he obtained during his care and treatment of Poster.  DeRoin specifies that the opinions expressed in the affidavit are based upon a review of many records, including:

> Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment; Marriot's Job Description for Housekeeper; Marriot's Job Description for Laundry Washer; Psychological Report from A. James Fix, Ph.D.; Speech/Language Evaluation Report from Kathy Miklas, M.S.; Speech and Language Evaluation from Patricia Gill, M.S.; medical records by Dennis DeRoin, M.D.; medical records by Hans Dethlefs, M.D.; medical records by Jeffrey D. Motz, PA-C; medical records by Hudson Hseih, M.D.; Affidavit of Samuel Poster; Affidavit of Emelia Poster; and Affidavit of Dennis DeRoin, M.D.

(Affidavit of Dennis DeRoin, M.D., ¶ 3).  These reports were not reviewed for purposes of treatment, but instead were reviewed in an attempt to prepare expert testimony for use in this litigation.  Thus, DeRoin can be considered specially retained and thereby subject to the Rule 26 requirements.  Poster failed to fulfill the Rule 26 requirements for DeRoin, and defendant's motion in limine will be granted as to DeRoin's affidavit.

<u>Miklas and Fix Reports</u>

Marriott challenges the reports by Miklas and Fix on the grounds that these reports were medical reports which should have been, but were not, timely produced in response to Marriott's request for production of documents served on Poster on March 7, 2005.  Poster did not make these records available at that time, nor at any later date in compliance with his duty to supplement responses to discovery "upon receipt of additional medical records" until they were submitted in reply to defendant's motion for summary judgment on October 7, 2005.  In addition, Marriott asserts that because neither Miklas or Fix are listed as witnesses in the present case, their reports also should not be admitted into evidence because the reports lack authentication.

Poster asserts that these reports were made available to the defendant as part of a larger volume of records denoted as "social security administration records" which Poster says it informed the defendant were available for inspection at the offices of Poster's attorney.  However, these records are clearly medical records which should have been disclosed independently of their putative status as part of a larger social security administration file.  Poster's response was evasive and incomplete.

Under Rule 37(a)(3), an evasive or incomplete disclosure or response is treated as a failure to disclose. Fed. R. Civ. P. 37(a)(3). A failure to disclose information required by Rule 26(a) or 26(e)(1), without substantial justification, is not permitted. Fed. R. Civ. P. 26. The information that was not timely provided to opposing counsel is not permitted to be used as evidence at trial or on a motion. Thus, the Court finds that the plaintiff failed to comply with its duties under the rules of evidence because it did not timely disclose the medical reports of Fix and Miklas in response to defendant's discovery requests. For these reasons, defendant's motion in limine will be granted as to these reports. Accordingly,

IT IS ORDERED:

1) Defendant's motion in limine is granted as to the affidavit of Dennis DeRoin, M.D., the speech and language evaluation by Kathy Miklas, and a psychological report by A. James Fix.

2) The Court reserves ruling as to the admissibility of Exhibit Nos. 6, 8, 9, 10, 15, 16, 17, 18, 19 and 25 in plaintiff's proposed trial exhibits.

DATED this 25th day of October, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

-6-